## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STACY COLLINS,** | : | |
| **individually and on behalf of other** | : | |
| **similarly situated individuals,** | : | **CIVIL ACTION NO:** |
| **Plaintiffs,** | : | **3:18 cv 00065 VAB** |
| | : | |
| **v.** | : | |
| | : | |
| **KOHLS DEPARTMENT STORES, INC.** | : | **APRIL 5, 2018** |
| **And KOHLS CORPORATION,** | : | |
| **Defendant.** | : | |

### PLAINTIFF'S OPPOSITION TO
### DEFENDANT'S MOTION TO TRANSFER VENUE

**I.      INTRODUCTION**

Plaintiff, Stacy Collins, individually and on behalf of other similarly situated individuals, hereby opposes Defendant's Motion to Transfer Venue. (ECF No. 12). Defendant has not carried its burden to clearly and convincingly establish that this case should be transferred. In fact, most of the relevant factors, such as deference to Plaintiffs' choice of forum, the relative means of the parties, and trial efficiency and the interests of justice favor that this case remains in Connecticut.

There must be a real reason for transfer – not just that the defendant prefers another forum. In fact, these Defendants have already litigated a similar nationwide collective action for two Assistant Store Manager positions in the Southern District of New York. *See, Costello, et al v. Kohl's Illinois, Inc, et al*, 1 :13 cv 01359 GHW (S.D.N.Y. 2013) (resulting in $4,000,000 settlement finally approved on January 6, 2016).  Defendant in that case never asked that the case be transferred and appeared able to defend itself even though it was litigating in the Southern District of New York, which is no more convenient a venue than Connecticut. Defendant's motion should be denied.

## II.     PROCEDURAL HISTORY

This matter was first filed on January 11, 2018.  Defendant was served on February 22, 2018.  Defense counsel appeared first on March 15, 2018.

On that same date, Defendant moved to dismiss the case in its entirety, alleging that the class and collective allegations were deficient, and that the Plaintiff's individual claim is deficient because she had not clearly enough alleged when she worked overtime.

Also, on March 15, 2018, Defendants filed the instant motion to transfer. Defendants were not clear whether they want the case transferred first, and then dismissed, or dismissed first, in which case there would be no need for a transfer.  It also has not been clear that if the class and collective allegations are dismissed, whether it still wants Collins individual case transferred to Wisconsin.

## III.     LEGAL STANDARD

To transfer venue, a defendant must meet a significant burden of making a clear and convincing showing that the case should be transferred.  *New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010) ("Although we have never explicitly approved a district court's use of the 'clear and convincing evidence' standard in ruling on a motion to transfer venue, the propriety of that standard to transfer-motions is evident.") It is "firmly established" that, although district courts have "broad discretion," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006), a party seeking to transfer venue faces an uphill battle.  *See Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995); *see also Editorial Musica Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F. Supp. 62, 66 (S.D.N.Y. 1993).

District courts engage in a two-part inquiry in determining whether to grant a transfer motion: "(1) whether the action 'might have been brought' in the proposed transferee forum and, if so, (2) whether the transfer promotes convenience and justice." *MAK Marketing, Inc. v. Kalapos*, 620 F. Supp. 2d 295, 307 (D. Conn. 2009).

The factors relevant to the "convenience and justice" inquiry are: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties," *D.H. Blair & Co.*, 462 F.3d at 106-07 (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)); *Marcus v. Am. Contract Bridge League*, 562 F. Supp. 2d 360, 365 (D. Conn. 2008) (same).  Other cases have added two additional factors: (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice. *See, e.g., Payne v. Taylor Vision Res.*, 2003 U.S. Dist. LEXIS 16690, at *3-4 (D. Conn. Sept. 22, 2003).

## IV.  ARGUMENT

The balance of the relevant factors to be considered for a motion to transfer venue under 28 U.S.C. §1404(a) militate against this case being transferred to Wisconsin.

### A.  The relevant factors under 28 U.S.C. §1404(a) militate against this case being transferred to either Wisconsin.

#### 1.  Plaintiffs' chosen forum is entitled to substantial consideration and weighs against transfer.

The Court should defer to Plaintiffs' choice of forum (i.e., the District of Connecticut).  Contrary to Defendant's assertion that Plaintiffs' choice of forum is

accorded "little deference," courts generally give "substantial consideration" to a plaintiff's choice of forum. *See MAK Mktg. v. Kalapos*, 620 F. Supp. 2d 295, 308 (D. Conn. 2009); *Marcus v. Am. Contract Bridge League*, 562 F. Supp. 2d 360, 366 (D. Conn. 2008) (in FLSA collective action, noting that plaintiff's choice of forum "should be given great weight").

Here, Defendant argues that the Plaintiffs' choice of forum –Connecticut- should be given little deference because the vast majority of the putative collective action members reside outside of Connecticut. Such an argument lacks merit because Plaintiff has brought this case in Connecticut for a legitimate reason – she lives and worked here. Therefore, this factor weighs in favor of denying the motion to transfer.

Indeed, Defendant's assertion that a Plaintiff's choice of forum in a representative action is entitled to little deference is overstated. Where, as here, the lawsuit is a collective action brought under the FLSA, the better view is that plaintiffs' choice of forum carries significant weight because that is what Congress intended. *See, e.g., Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 571 (N.D. Tex. 2005) ("'the opt-in' structure of collective actions . . . strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of an FLSA action.")

Also, the Plaintiff resides in Connecticut and worked for Defendant here.

Transferring this FLSA case to a forum that Plaintiff has not chosen is not in the interests of justice. Hence, this Court should preserve Plaintiff's choice of forum, and deny Defendant's motion.

2.     **The convenience of witnesses does not clearly and convincingly favor transfer.**

Defendant cannot clearly establish that the convenience of witnesses -which is generally considered the most important factor- favors transferring this case.  First, given that this case is a nationwide FLSA collective action, it is premature to assess the convenience of the witnesses until such time as this Court conditionally certifies this case and the opt-in period closes.  *See Luchini v. CarMax, Inc.*, 2012 U.S. Dist. LEXIS 87665, at *11 (E.D. Cal. June 22, 2012) ("The nationwide class has not yet been certified and basing a convenience determination on unnamed plaintiffs in unknown locations, who may or may not participate, is speculative, at best."); *Young v. Dollar Tree Stores, Inc.*, 2012 U.S. Dist. LEXIS 121124, at *7 (D. Colo. Aug. 24, 2012) ("With regard to the putative nationwide collective action, it is safe to assume that witnesses from a variety of locales are important in this case. The convenience of those witnesses also must be considered. Thus, the second factor does not weigh significantly in favor of transfer.")

Second, notwithstanding that it is premature to assess the "convenience of the witnesses" factor, Defendant misses the point by arguing that this factor favors transfer because most potential opt-ins are located outside of Connecticut. *Rindfleisch v. Gentiva Health Sys.*, 752 F. Supp. 2d 246, 255 (E.D.N.Y. 2010) ("it is the nature of the testimony and not the number of prospective witnesses on each side that is important" when assessing the convenience of potential witnesses.").

If this Court grants Plaintiff's anticipated motion to proceed as a collective action and issues notice under 29 U.S.C. § 216(b), opt in witnesses will be spread across the country. These witnesses will have material testimony regarding what their duties were as

Assistant Store Managers. The District of Connecticut is no more inconvenient a locale for a nationwide collective than is any other district.

Third, Defendant is overreaching when it argues that this case should be transferred because the potential witnesses to address corporate policies and procedures are located in Wisconsin. While Defendant's corporate policies and procedures are relevant to establish that the putative class here is similarly situated and to show that the Defendant misclassified the putative class members as exempt from overtime, said policies and procedures are not tied only to Wisconsin. *See Young v. Dollar Tree Stores, Inc.*, 2012 U.S. Dist. LEXIS 121124, at *7 (D. Colo. Aug. 24, 2012) ("While the alleged policies may have been devised, promulgated, and communicated from Virginia, [plaintiff] alleges that those policies improperly were enforced against herself and other Dollar Tree employees in Colorado and elsewhere. The violations alleged in the complaint have a substantial connection to Colorado and many other states. Those violations are not tied solely to Virginia.")

Moreover, Defendant cannot carry its burden of showing that the convenience of the witnesses clearly and convincingly warrants a transfer. Here, there is no evidence that any other of the witnesses Defendant has identified who reside in Wisconsin would be inconvenienced by testifying remotely. Accordingly, Defendant cannot show that the convenience of the witnesses convincingly favors a transfer.

### 3.   The location of documents and relative ease of access to proof weighs against transfer.

"Courts in the Second Circuit recognize that, 'modern photocopying technology and electronic storage deprive this issue of practical or legal weight.'" *MAK Mktg. v. Kalapos*, 620 F. Supp. 2d 295, 310 (D. Conn. 2009); s*ee also Marcus*, 562 F. Supp. 2d at

366 (noting this factor is a "non-issue in today's world because copy machines, electronic discovery and emails make it much easier to obtain documents at a distance.") Therefore, the location of documents and relative ease of access to proof in this case does not support transfer.

### 4. The convenience of the parties disfavors transfer.

It is clear that a transfer to Wisconsin would shift inconvenience from Defendant to the named Plaintiff Collins. A transfer to Wisconsin is clearly more inconvenient to Plaintiffs than continuing this case in Connecticut.

Courts have held that the convenience of defense witnesses familiar with Defendant's corporate policies and who currently work in Wiscosin is not relevant to the analysis of the convenience of the parties factor because they are currently employed by Defendant and likely to appear at trial should that be necessary. *See Datalogix Int'l, Inc. v. Sandridge Food Corp.*, 1991 U.S. Dist. LEXIS 18192, at * 4-5 (S.D.N.Y. Dec. 18, 1991) (noting that convenience of witnesses and availability of process to compel attendance of unwilling witnesses factors both address concern that witnesses whose testimony will be essential to proper determination of case will be available to testify at trial and finding that most of the proposed witnesses from one party were party's own employees and that company itself can assure their attendance at trial, should it be necessary) (citing *Galonis v. National Broadcasting Co.*, 498 F. Supp. 789 (D.N.H. 1980)).

Asking Plaintiffs -who have less means than Kohls- to bear the costs of attending a trial in Wisconsin weighs heavily against a transfer there. *See Cook v. Amedisys, Inc.*, 2013 U.S. Dist. LEXIS 50136, at *6-7 (D. Conn. Apr. 8, 2013) (holding convenience of

parties' factor did not weigh in favor of transfer where it would require plaintiffs, who have less means than the corporate defendant, to travel an inconvenient distance to testify at their own trial).

In addition, factors other than travel distance or travel time make the District of Connecticut convenient for Plaintiff Collins. The word "convenience" is defined as "*a quality or situation* that *makes something easy* or useful for someone *by reducing the amount of work or time required* to do something". *See* <http://www.merriam-webster.com/dictionary/convenience> (emphasis added) (last accessed May 30, 2014).

Here, it is common sense that it would be more convenient for Collins to have her claims adjudicated sooner rather than later. By hiring the Hayber Law Firm ("HLF") as lead counsel- Plaintiff will likely reduce the amount it takes to adjudicate her claims. Should HLF have to litigate the instant action in Wisconsin-where HLF would have to hire local counsel-, it would undoubtedly increase Plaintiff's counsel's legal fees and costs as a result of travelling there, which will consequently erode any potential settlement fund to which Collins, and any other opt ins may have participation in should there be a settlement or a favorable judgment. Thus, it is perfectly logical for Collins to decide that it is more convenient (e.g., cost effective) for her to litigate in Connecticut than having her counsel incur comparatively higher costs in traveling to Wisconsin.

In sum, the convenience of the Parties weighs against the transfer to Wisconsin because said transfer would merely shift the inconvenience from Defendant to Plaintiff.

### 5.   The locus of operative facts weighs against transfer.

The locus of operative facts does not favor transferring this case to Wisconsin. Plaintiff stands by her assertion that Defendants' operations are centralized, and they do

not contest that pertinent policies and procedures originate from its corporate offices in Wisconsin. Nonetheless, because this case is a collective action, the locus of operative facts will be split amongst the districts in which the various class members worked.  *See Cook v. Amedisys, Inc.*, 2013 U.S. Dist. LEXIS 50136, at* 5-6 (D. Conn. Apr. 8, 2013) (holding locus of operative facts factor was neutral in FLSA putative class and collective action where, besides conduct in Pennsylvania and Connecticut, operative facts also occurred in the districts where the opt-in plaintiffs were employed at defendant's branch offices despite the fact that compensation policy was adopted at Defendant's Louisiana headquarters); *see also Young v. Dollar Tree Stores, Inc*., 2012 U.S. Dist. LEXIS 121124, at *7 (D. Colo. Aug. 24, 2012) ("While the alleged policies may have been devised, promulgated, and communicated from Virginia, [plaintiff] alleges that those policies improperly were enforced against herself and other Dollar Tree employees in Colorado and elsewhere. The violations alleged in the complaint have a substantial connection to Colorado and many other states. Those violations are not tied solely to Virginia.")

Here, it is undisputed that at least some of the operative facts took place in Connecticut, where Defendant has many locations. Therefore, because some of the operative facts took place in Connecticut, and the remainder of the operative facts took place nationwide, Defendant cannot clearly and convincingly establish that this factor warrants a transfer.

6.    **The availability of process to compel the attendance weighs against transfer.**

Putting aside for a moment the fact that it is too early to assess this factor, the Wisconsin witnesses Defendant identified are its employees.  As noted by this Court, this factor does not weigh in favor of transfer when most of the witnesses in Defendant's

corporate home state are their employees, as there is not likely an issue concerning uncooperative witnesses who must be compelled to attend trial. *Cook v. Amedisys, Inc.*, 2013 U.S. Dist. LEXIS 50136, at *7 (D. Conn. Apr. 8, 2013); *see also Marcus*, 562 F. Supp. 2d at 366 (when most of the witnesses in the proposed transferee forum are employees of the defendant, it is "unlikely that the witnesses will not cooperate to attend trial in Connecticut").   Thus, Defendant has not made a clear and convincing showing that this factor so strongly weighs in its favor as to merit transfer to Wisconsin.

## 7.   The relative means of the parties weighs against transfer.

Defendant cannot dispute that it possesses far greater financial resources than Plaintiff or any other individual who chooses to opt in to this case. Hence, Defendant is in a better position to absorb the costs of litigating in Connecticut that the Plaintiffs litigating in Wisconsin.   As a result, any common monetary fund resulting from this litigation will be maximized for them and other putative collective members by them litigating in Connecticut. Hence, this factor weighs heavily against a transfer. *See Cook v. Amedisys, Inc.*, 2013 U.S. Dist. LEXIS 50136, at *6-7 (D. Conn. Apr. 8, 2013) (holding convenience of parties' factor did not weigh in favor of transfer where plaintiffs have less means than the corporate defendant).

## 8.   The forum's familiarity with governing law factor does not support a transfer.

All federal courts are deemed to be equally familiar with federal law.   Thus, this factor does not favor transfer to either Wisconsin.

9.    **Trial efficiency and the interests of justice weigh against transferring this case to Wisconsin.**

Contrary to Defendant's argument, transferring this case to Wisconsin will hinder trial efficiency.  If this case is transferred to either Wisconsin, there will be additional delays because, among other things, the undersigned counsel will be forced to find and retain local counsel in either state, and the undersigned would also have to undergo the process to be admitted *pro hac vice*.

Importantly, any delay resulting from this Court transferring this case to Wisconsin would be extremely prejudicial to the collective. Unlike a typical class action under Fed. R. Civ. P. 23, the FLSA statute of limitations for the putative class members was not tolled when Plaintiffs filed their Complaint.   Rather, the FLSA statute of limitations is not tolled until a class member files his or her individual "Opt-In" form. Consequently, the members of the putative class lose their rights to claim overtime wages with each passing day.  *See Hoffman v. Sbarro, Inc.,* 982 F. Supp. at 262 (granting plaintiffs' motion for expedited notice and noting that "courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management").

In short, the interests of both trial efficiency and justice weigh in favor of the case remaining in this District.

## V.      CONCLUSION

Defendant cannot win its uphill battle of showing through clear and convincing evidence that a transfer to the District of Wisconsin is warranted.  Rather, the relevant factors for deciding a transfer either weigh in favor of keeping the case in the District of Connecticut or are neutral. Therefore, Defendant's Motion to Transfer should be denied.

Plaintiff, Stacy Collins,
individually and on behalf of other similarly
situated individuals


By:         */s/ Richard E. Hayber*
            Richard E. Hayber, Esq.
            The Hayber Law Firm, LLC
            Fed No.: ct11629
            221 Main Street, Suite 502
            Hartford, CT 06106
            Ph: (860) 522-8888
            F:  (860) 218-9555
            rhayber@hayberlawfirm.com

## CERTIFICATION OF SERVICE

I hereby certify that on April 5, 2018, a copy of **Plaintiff's Opposition to Defendant's Motion to Transfer Venue** was filed electronically [and service made by mail to anyone unable to accept electronic filing].  Notice of this filing will be sent by email to all parties by operation of the Courts electronic filing system [or by mail for anyone unable to accept electronic filing].  Parties may access this filing through the Courts system.

_____*/s/ Richard E. Hayber*_____